## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JORDAN ZANTIZ                                        CIVIL ACTION

VERSUS                                               NO.  12-2908

STATE OF LOUISIANA                                   SECTION "N"(2)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Jordan Zantiz, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On October 2, 2007, Zantiz was charged by bill of information in St. Tammany Parish with one count of obscenity.[3]  The Louisiana First Circuit Court of Appeal summarized the facts of the case as determined at trial as follows:

> The defendant and his wife, Amy Johnson, who lived in Florida, traveled around in a van as independent contractors for AT&T, delivering telephone books.  As they traveled, they lived in the van to save money. On August 21, 2007, they stopped at the Holiday Inn in Covington to use the bathroom and clean up.  Before leaving the hotel lobby, Amy began talking to some people she met, and the defendant sat down near the bathroom area with a USA Today newspaper provided free by the hotel.
> Brandy McCantz, who worked at the front desk at Holiday Inn, testified at trial.  She stated she noticed the defendant sitting near the bathrooms for about 45 minutes holding his newspaper upside down. Brandy needed to use the bathroom.  As she walked past the defendant to get to the ladies bathroom, she saw the defendant smiling at her and stroking his erect penis, which was outside of his shorts.  The defendant was holding up the newspaper with his other hand.  Shocked, Brandy quickly entered the ladies bathroom.  She then exited and ran to the front desk.  She related what she saw to Emma Brannon, the operations manager, and Donald Julien, the executive chef.  Donald told the defendant to leave the hotel, and the police were called.  Emma, who also testified at trial, stated that she followed the defendant to his van.  She got the license plate number, a description of the van and the defendant, and relayed this

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 6, Bill of Information, 10/2/07.  The bill of information originally charged Zantiz with a second offense of obscenity.  Zantis moved to quash the second offense reference and the state trial court granted the motion on October 30, 2008, leaving on the charge of obscenity.  St. Rec. Vol. 1 of 6, Motion to Quash or Suppress, 3/19/08; Trial Minutes, p. 1, 10/30/08.

information to the police. Brandy also provided a written statement to the police.

Shortly thereafter, the police found the defendant and Amy in a Wal-Mart parking lot in Covington. Corporal Matthew Nelson, with the St. Tammany Parish Sheriff's Office, <u>Mirandized</u> the defendant and informed him about the complaint. The defendant told Corporal Nelson that he was not sure, but he believed his penis may have fallen out of his pants. The defendant was arrested. During the booking process at the police station, Corporal Nelson overheard the defendant state, "I can't help it if my dick falls out of these pants and my pants are made of that fish net type of material. It falls out easy." Amy testified at trial she was near the defendant most of the time when they were in the lobby, and she never saw him masturbate or saw his penis exposed.

<u>State v. Zantiz</u>, 24 So.3d 1034 (La. App. 1st Cir. 2009) (Table); <u>State v. Zantiz</u>, No. 2009-KA-0771, 2009 WL 3447427, at *1 (La. App. 1st Cir. Oct. 27, 2009) (footnote omitted); State Record Volume 5 of 6, Louisiana First Circuit Court of Appeal Opinion, 2009-KA-0771, pages 2-3, October 27, 2009 (footnote omitted).

Zantiz was tried before a jury on October 30, 2008, and was found guilty as charged of obscenity.[4] On December 16, 2008, the state trial court denied Zantiz's motions for post-verdict judgment of acquittal and a new trial.[5] After waiver of legal delays, the court sentenced Zantiz to serve three (3) years in prison at hard labor.[6]

---

[4]St. Rec. Vol. 1 of 6, Trial Minutes (7 pages), 10/30/08; Trial Transcript, 10/30/08; St. Rec. Vol. 2 of 6, Trial Transcript (continued), 10/30/08.

[5]St. Rec. Vol. 1 of 6, Motion for Post-Verdict Judgment of Acquittal, 11/10/08; Motion for New Trial, 11/10/08; Sentencing Minutes, 12/16/08; St. Rec. Vol. 4 of 6, Sentencing Transcript, p. 340, 12/16/08.

[6]St. Rec. Vol. 1 of 6, Sentencing Minutes, 12/16/08; St. Rec. Vol. 4 of 6, Sentencing Transcript, p. 341, 12/16/08.

Thereafter, on April 30, 2009, the State filed a multiple bill charging Zantiz as a third felony offender.[7]  Zantiz entered a not guilty plea to the bill and later filed a pro se motion to quash it.[8]  At a hearing on September 10, 2009, Zantiz withdrew his prior plea and entered a guilty plea as a third offender.[9]  After declaring the motion to quash moot, the state trial court sentenced Zantiz to serve five (5) years in prison at hard labor without benefit of probation or suspension of sentence.[10]

On direct appeal to the Louisiana First Circuit, Zantiz's appointed counsel asserted two (2) errors:[11] (1) The trial court erred in denying the defendant's challenge for cause of jurors Nancy Wilson and Dorothea Moody. (2) The sentence was excessive.  The appellate court affirmed the conviction and sentence on October 27, 2009, finding no merit in either claim.[12]  On its review for errors patent, the court found no error after it determined that Zantiz's counsel waived legal delays between denial of the motion for new trial and the sentencing.

---

[7]St. Rec. Vol. 4 of 6, Multiple Bill, 4/30/09.

[8]St. Rec. Vol. 3 of 6, Minute Entry, 5/18/09; St. Rec. Vol. 4 of 6, Motion to Quash, 8/17/09.

[9]St. Rec. Vol. 3 of 6, Multiple Bill Hearing Minutes, 9/10/09; St. Rec. Vol. 4 of 6, Multiple Bill Hearing Transcript, 9/10/09.

[10]Id.

[11]St. Rec. Vol. 6 of 6, Appeal Brief, 2009-KA-0771, 5/22/09.

[12]State v. Zantiz, 24 So.3d at 1034; State v. Zantiz, 2009 WL 3447427, at *1; St. Rec. Vol. 5 of 6, 1st Cir. Opinion, 2009-KA-0771, 10/27/09.

The Louisiana Supreme Court denied Zantiz's subsequent writ application without stated reasons on May 7, 2010.[13]  The court later denied Zantiz's motion for reconsideration on September 24, 2010.[14]

On appeal from the multiple offender proceeding, Zantiz's appointed counsel argued that the state trial court erred when it failed to advise him of his rights before accepting the guilty plea to the multiple bill.[15] Zantiz also asserted three additional errors pro se:[16] (1) He was not advised of his rights before entering the guilty plea. (2) The trial court erred in failing to rule on the motion to quash before excepting the guilty plea. (3) The stipulation and plea to the multiple bill were not voluntarily made because he was coerced by the trial court to take a plea at another hearing that was not transcribed or made part of the record.

On February 11, 2011, the Louisiana First Circuit affirmed Zantiz's multiple offender adjudication, finding no merit to all but one of his claims.[17]  As to the third pro

---

[13]State v. Zantiz, 34 So.3d 860 (La. 2010); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2009-KO-2553, 5/7/10; La. S. Ct. Writ Application, 09-KO-2553, 11/24/09 (dated 11/17/09); St. Rec. Vol. 5 of 6, La. S. Ct. Letter, 2009-KO-2553, 11/24/09 (showing postmark 11/19/09).

[14]State v. Zantiz, 45 So.3d 1064 (La. 2010); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2009-KO-2553, 9/24/10; Motion for Reconsideration, 09-KC-2553, 6/22/10 (dated 6/4/10).

[15]St. Rec. Vol. 6 of 6, Appeal Brief, 2010-KA-0999, 7/14/10.

[16]St. Rec. Vol. 6 of 6, Pro Se Appeal Brief, 2010-KA-0999, 8/11/10.

[17]State v. Zantiz, 57 So.3d 609 (La. App. 1st Cir. 2011) (Table); State v. Zantiz, No. 2010-KA-0999, 2011 WL 2119769, at *1 (La. App. 1st Cir. Feb. 11, 2011); St. Rec. Vol. 5 of 6, 1st Cir. Opinion, 2010-KA-0999, 2/11/11.

se claim, the court held that "the appeal record is insufficient to address the merits of the defendant's claim of coercion," and instructed that Zantiz "must raise this claim in an application for post-conviction relief, wherein an evidentiary hearing can be held, if necessary."[18]

The Louisiana Supreme Court denied Zantiz's subsequent writ application on September 23, 2011.[19]   The court also denied his request for reconsideration on December 16, 2011.[20] Zantiz's conviction became final ninety (90) days later, on March 15, 2012, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1); Burton v. Stewart, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

---

[18]State v. Zantiz, 2011 WL 2119769, at *2; St. Rec. Vol. 5 of 6, 1st Cir. Opinion, 2010-KA-0999, pp. 4-5, 2/11/11.

[19]State v. Zantiz, 69 So.3d 1157 (La. 2011); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2011-KO-0481, 9/23/11; La. S. Ct. Writ Application, 11-KO-481, 3/10/11 (postal meter 3/3/11, dated 3/3/11); St. Rec. Vol. 5 of 6, La. S. Ct. Letter, 2011-KO-481, 3/10/11 (showing postal meter 3/3/11).

[20]State v. Zantiz, 76 So.3d 1189 (La. 2011); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2011-KO-0481, 12/16/11; Motion for Reconsideration, 11-KO-481, 10/4/11 (postal meter 9/28/11, dated 9/27/11).

In the meantime, between August 19 and October 5, 2011, Zantiz submitted three separate applications for post-conviction relief to the state trial court in which he asserted the same three (3) grounds:[21] (1) He was not advised of his rights before entry of the guilty plea to the multiple bill. (2) The State unreasonably delayed filing of the multiple bill. (3) He did not voluntarily enter the stipulation and plea to the multiple bill.  The state trial court entered one-word denials on each application on August 25, September 14 and October 12, 2011, respectively.[22]  Zantiz did not seek further review of these rulings.

After his multiple bill appeal was resolved, Zantiz submitted a fourth application for post-conviction relief to the state trial on January 5, 2012, again urging the same three (3) grounds for relief.[23]  On January 27, 2012, the state trial court again issued a one-word denial followed by the parenthetical notation, "(repetitive, issues raised on appeal)."[24]

---

[21]St. Rec. Vol. 5 of 6, Uniform Application for Post-Conviction Relief, 8/23/11 (dated 8/29/11); Uniform Application for Post-Conviction Relief, 9/1/11 (dated 8/30/11); Uniform Application for Post-Conviction Relief, 10/10/11 (dated 10/5/11).

[22]St. Rec. Vol. 5 of 6, Trial Court Order, 8/25/11; Trial Court Order, 9/14/11; Trial Court Order, 10/12/11.

[23]St. Rec. Vol. 5 of 6, Uniform Application for Post-Conviction Relief, 1/13/12 (dated 1/5/12).

[24]St. Rec. Vol. 5 of 6, Trial Court Order, 1/27/12.

The Louisiana First Circuit denied Zantiz's subsequent writ application without stated reasons on May 21, 2012.[25]   The court did not consider Zantiz's request for reconsideration by order issued June 25, 2012, because it was procedurally improper.[26]

The Louisiana Supreme Court denied Zantiz's related writ application on October 26, 2012, finding his post-conviction claims procedurally barred pursuant to La. Code Crim. P. art. 930.3, State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996) and State v. Cotton, 45 So.3d 1030 (La. 2010), each of which prohibits post-conviction review of sentencing errors, including those during habitual offender proceedings.[27]

## II.   FEDERAL HABEAS PETITION

On December 14, 2012, the clerk of this court filed Zantiz's petition for federal habeas corpus relief in which he asserts three (3) claims:[28] (1) The verdict was contrary to the law and evidence, the State's witnesses were impeached when they lied, the trial court denied challenges and strikes during jury selection and the petitioner was not advised of his rights at the multiple bill hearing. (2) Involuntary stipulation to the multiple bill occurred where the state trial court refused to rule on the motion to quash

---

[25]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2012-KW-0472, 5/21/12; St. Rec. Vol. 6 of 6, 1st Cir. Writ Application, 2012-KW-0472, 3/20/12.

[26]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2012-KW-0472, 6/25/12.

[27]State ex rel. Zantiz v. State, 99 So.3d 647 (La. 2012); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2012-KH-1464, 10/26/12; La. S. Ct. Writ Application, 12-KH-1464, 6/26/12 (postal meter 6/22/12, dated 6/20/12); St. Rec. Vol. 5 of 6, La. S. Ct. Letter, 2012-KH-1464, 6/26/12 (postal meter 6/22/12).

[28]Rec. Doc. No. 1.

and stipulated to the multiple bill without a plea colloquy. (3) The State unreasonably delayed filing the multiple bill.

The State filed an answer and memorandum in opposition to Zantiz's petition, arguing that Zantiz's petition must be dismissed because he has failed to exhaust state court remedies on his claims that his conviction was contrary to the law and evidence and that the State's witnesses lied on the stand.[29]  For that reason, the State asserts that the petition should be dismissed as a mixed petition.

The State also argues that three of Zantiz's exhausted claims asserting unreasonable delay in filing the multiple bill, involuntarily stipulation to the multiple bill and failure of the state trial court to rule on the motion to quash are procedurally barred from federal habeas review because they were procedurally defaulted in state court.  In addition, the State contends that Zantiz's remaining claim, that he was not advised of his rights before entering the plea to the multiple bill, is without merit.

In his reply to the State's opposition memorandum, Zantiz argues that the State has misconstrued his state court pleadings in reciting the procedural history, and he reasserts his arguments in support of his challenges to his multiple offender proceedings.[30]

III.     GENERAL STANDARDS OF REVIEW

---

[29]Rec. Doc. Nos. 13, 14.

[30]Rec. Doc. No. 20.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[31] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

applies to Zantiz's petition, which, for reasons discussed below, is deemed filed in this

court on November 23, 2012.[32]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; i.e., the petitioner must have exhausted state court remedies and

must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[31]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[32]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Zantiz's petition was filed by the clerk of court on December 14, 2012, when the he was granted pauper status.  Zantiz's signature on the petition was dated November 23, 2012.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.

The State concedes and I find that Zantiz's federal petition was timely filed. The State argues, however, that two of Zantiz's claims are not exhausted and three other claims are procedurally defaulted. For the following reasons, Zantiz's mixed petition containing both exhausted and unexhausted claims should be dismissed without prejudice for failure to exhaust.

## IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan

11

v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Zantiz must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given all appropriate state courts an opportunity to address each of his claims either on direct

appeal or in post-conviction proceedings through the Louisiana Supreme Court.[33]  Zantiz

clearly did not do so as to <u>all</u> of the claims or arguments presented in his federal petition.

Zantiz asserts two (2) legal theories or claims in this court that were <u>never</u> raised

to the state courts.  Specifically, Zantiz alleges that his conviction was contrary to the law

and evidence and that the State's witnesses were impeached during their testimony from

the stand at trial.  The state court record does <u>not</u> reflect that Zantiz challenged the legal

sufficiency of the evidence to support the verdict or the truthfulness of the witness

testimony on direct appeal or in any of his post-conviction applications in the state

courts.  Accordingly, Zantiz has failed to exhaust state court remedies as to these claims.

Thus, this case, which includes unexhausted claims, is a "mixed petition," and it is

subject to dismissal for that reason.  <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Nobles</u>, 127 F.3d

at 420).

The record discloses no good cause for Zantiz's failure to exhaust these claims,

and this court can find none.  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (dismissal is

appropriate where no good cause is shown for the failure to exhaust).  The Supreme

Court has long required that a mixed petition like this one be dismissed without prejudice

---

[33]The Louisiana Rules of Criminal Procedure allow a defendant to appeal his conviction to the appropriate circuit appellate court and then seek review of that court's ruling in the Louisiana Supreme Court.  La. Code Crim. P. arts. 912.1, 922; La. S. Ct. Rule X§5.  The post-conviction process in Louisiana requires presentation of appropriate claims on the appropriate form in the state trial court.  La. Code Crim. P. art. 925 et seq.  Review of the trial court's ruling can be sought in the circuit appellate court and Louisiana Supreme Court by writ of review.  La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq.

to allow for complete exhaustion.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510).  The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Zantiz can choose to amend his petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.  Pliler, 542 U.S. at 233.  This choice is now available to Zantiz.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to require Zantiz to exhaust available state court remedies as to all of his claims, unless he amends or resubmits this habeas petition to present only exhausted claims or dismisses his unexhausted claims.  Id., 542 U.S. at 233; Whitehead, 157 F.3d at 387.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Zantiz's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

14

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[34]

New Orleans, Louisiana, this ____30th____ day of May, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[34]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.